IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JONATHAN SUTPHIN,

    Plaintiff,

V.                              CIVIL ACTION NO. 3:02-0108

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

## FINDINGS AND RECOMMENDATION

In this action, filed under the provisions of 42 U.S.C. §1383(c)(3), plaintiff seeks review of the Commissioner's decision denying his application for supplemental security income based on disability. The case is presently pending before the Court on cross motions of the parties for judgment on the pleadings.

Plaintiff filed his application on February 10, 2000, alleging disability as a consequence of nerve problems, neck and back pain, a knot on his shoulder, arthritis in one hand and memory problems. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision. The Court then granted a motion to remand so that the Commissioner could locate the hearing tape and thus produce a complete record.

On remand, a second hearing was scheduled but the acknowledgment letter sent to plaintiff was returned with a notation of incorrect address. A letter sent to plaintiff's counsel and copied to plaintiff was also returned with the notation that he had moved and left no forwarding address. The social security office did not have a current address nor did plaintiff's representative. The hearing was set for July 9, 2004, and plaintiff's representative notified the administrative law judge she would not appear at this hearing, indicating that if plaintiff did not appear she would have no choice but to dismiss this matter. Plaintiff did not appear at the hearing; however, his representative did not request dismissal. The administrative law judge concluded that his "action of abandoning the claim renders the controversy moot, therefore making additional administrative proceedings unnecessary." He, however, also did not dismiss the claim but went on to adopt the findings in the earlier administrative law judge's decision.

There is no indication that plaintiff filed exceptions to the administrative law judge's decision or that the Appeals Council assumed jurisdiction of it. According to 20 C.F.R. §416.1584(d), in such a situation the administrative law judge's decision becomes the final decision of the Commissioner on remand.

The notice accompanying the administrative law judge's decision states that if the Appeals Council did not review the case on its own motion and plaintiff did not file exceptions, the Commissioner would forward the decision and transcript of the record to the United States Attorney for filing with the Court "when required." It also informed plaintiff he had the right to pursue his civil action with the Court.

The Commissioner then moved that the previous court order remanding the case be vacated and the case reinstated to the Court's active docket because the claim file "has now been located" and the Commissioner is ready to proceed with the case. The Court granted this motion and

the case was placed on the active docket. Accompanying the Commissioner's motion was her answer and a copy of the administrative record in the case. There was, however, no transcript of a hearing. Plaintiff's counsel subsequently filed a motion for judgment on the pleadings and supporting brief, and defendant did the same. In their briefs, both parties argue the merits of the case, not the effect of plaintiff's apparent abandonment of his claim. The Court, however, cannot conduct a review of the merits of the Commissioner's decision without a transcript.[1] Even though it appears plaintiff is no longer interested in pursuing his claim, in the Court's view remand, for the purpose of affording plaintiff one last opportunity to appear and testify, is the proper response to the unusual circumstances presented. If the Commissioner and plaintiff's representative, after making a diligent attempt to locate plaintiff, cannot do so, then this case should be dismissed due to his failure to move it forward.

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that this case be remanded to the Commissioner for further proceedings consistent with these Findings and Recommendation.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may,

---

[1] In this case, the only one of its nature the Court has seen, the Commissioner stands responsible for the loss of the initial transcript and plaintiff apparently bears the blame for the fact that no transcript came into existence on remand.

within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection.  The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation.  Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this   Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED: February 28, 2006

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE